## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DARLENE PAXSON,

       *Plaintiff/Judgment-Creditor*

vs.

THE ESTATE OF HUNTER LANE, by its
Special Administrator, LANE PALMATEER,

       *Defendant/Judgment-Debtor,*

and

PROGRESSIVE DIRECT INSURANCE
COMPANY,

       *Garnishee.*

Case No. 24-CV-01076-EFM-GEB

### MEMORANDUM AND ORDER

Before the Court is a question of diversity jurisdiction presented in two competing motions. First, Garnishee Progressive Direct Insurance Company asks the Court to regard Defendant/Judgment-Debtor, the Estate of Hunter Lane, as a nominal party and to realign the parties so that the parties are completely diverse (Doc. 6). Second, Plaintiff/Judgment-Creditor, Darlene Paxson, asks the Court to remand this case to state court, arguing that this Court lacks jurisdiction because the parties are not diverse (Doc. 9). Because the Court finds Paxson's and the Estate's interests align and the Estate to be a nominal party, the Court has jurisdiction over this case. Accordingly, the Court grants Progressive's Motion and denies Paxson's Motion.

## I.        Factual and Procedural Background

Paxson filed suit against the Estate for injuries she sustained in an automobile accident.[1] The case was tried by a jury in the 18th Judicial District in Sedgwick County, Kansas. Paxson won a judgment in the amount of $614,982.02. After winning the judgment, Paxson requested an order of garnishment against Progressive, Hunter Lane's automobile insurer. The order was granted.

Progressive filed an answer to the order. In its answer, Progressive indicated that it held money in the amount of the "[a]pplicable insurance policy limits (if any) . . . totaling $25,000 each person, exclusive of interests and costs, subject to the anticipated appeal." On that same day, Progressive filed its Notice of Removal to this Court.

Paxson is a citizen of Kansas, the Estate is a citizen of Kansas, and Progressive is an Ohio corporation. Recognizing that this Court's jurisdiction may be inhibited by the overlapping citizenship of the parties, Progressive filed a Motion to Have Judgment-Debtor Regarded as a Nominal Party and to Realign the Parties on May 8, 2024. On May 20, 2024, Paxson filed her Response to Progressive's Motion and filed a Motion to Remand to State Court. These matters have been fully briefed and are ripe for the Court's ruling.

## II.       Legal Standard

"Federal courts are courts of limited jurisdiction."[2] Courts are to presume that a matter is outside their jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction."[3] A civil action filed in state court is only removable if it could have originally been

---

[1] Hunter Lane tragically lost his life in the automobile accident.

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[3] *Id.* (citations omitted).

brought in federal court.[4] This Court has held that garnishment proceedings initiated in state court are original and independent causes of action and are properly removable under the federal courts' diversity jurisdiction.[5]

Diversity jurisdiction is met by a controversy between citizens of different states exceeding $75,000.[6] Diversity of citizenship must be complete, meaning no plaintiff and no defendant may be citizens of the same state.[7] However, in this inquiry, a court only considers the citizenship of the real parties in interest.[8] Thus, "the presence of a nominal party with no real interest in the controversy will be disregarded."[9]

### III.   Analysis

Progressive asks this Court to (1) find that the Estate should be realigned with Paxson and (2) declare the Estate a nominal party. The Court will address each request in turn.

### A.   Realignment

Progressive argues that realigning the parties would achieve complete diversity among the *opposing* parties. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants."[10] Rather, federal courts have

---

[4] 28 U.S.C. § 1441(a).

[5] *See Handshumaker v. Vangilder*, 2015 WL 5032054, at *3 (D. Kan. Aug. 25, 2015).

[6] 28 U.S.C. § 1332(a)(1).

[7] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

[8] *Dodson Aviation, Inc. v. HLMP Aviation Corp.*, 2009 WL 1036123, at *2 (D. Kan. Feb. 12, 2009) (citing *Hann v. City of Clinton, Okla.*, 131 F.2d 978, 981 (10th Cir. 1942)).

[9] *Id.*

[10] *Nungesser v. Bryant*, 2007 WL 4374022, at *8 (D. Kan. Dec. 7, 2007) (quoting *Northbrook Nat. Ins. Co. v. Brewer*, 793 U.S. 6, 8 n.5 (1989)).

a duty to "look beyond the pleadings, and arrange the parties according to their sides in the dispute."[11] In determining whether diversity jurisdiction exists in removed garnishment actions, this Court has consistently realigned parties so that a judgment-debtor is aligned with a judgment-creditor against a garnishee.[12]

Here, Paxson asserts that realignment is not proper and attempts to distinguish itself from similar garnishment-removal cases where this Court realigned the parties. To support her argument, Paxson notes that the Estate declined to enter into a *Covenant Not to Execute and Assignment of Claims* agreement and expressed that it will not do "anything to help" Paxson. These actions, Paxson submits, demonstrate that the Estate is not interested in Paxson's success in her garnishment action against Progressive.

The Court recognizes that there certainly and understandably may be personal contentions between representatives of the Estate and Paxson. However, the nature of a garnishment action is one in which the judgment-creditor (Paxson) stands in the shoes of a judgment-debtor (the Estate) to collect the judgment-debtor's monies from a garnishee (Progressive).[13] "In garnishment actions, where a garnishee has denied liability to the judgment debtor, the judgment creditor's and judgment debtor's interests are aligned on the same side for purposes of determining diversity of citizenship."[14] Here, Progressive has denied liability for anything exceeding the applicable policy

---

[11] *Id.*

[12] *See, e.g.*, *Handshumaker*, 2015 WL 5032054, at *4; *Oppenheimer v. Lint*, 2014 WL 3611676, at *2 (D. Kan. Jul. 22, 2014); *Kemp v. Hudgins*, 2013 WL 2631634, at *4 (D. Kan. Jun. 12, 2013); *Smotherman v. Caswell*, 755 F. Supp. 346, 348 (D. Kan. 1990).

[13] *Nichols v. Marshall*, 491 F.2d 177, 183 (10th Cir. 1974) ("Under long standing garnishment law in Kansas, once judgment has entered, the judgment creditor then takes the place of the judgment debtor and may take that which the latter could enforce.").

[14] *Smotherman*, 755 F. Supp. at 348.

limit. Given that Paxson seeks to recover what it believes Progressive owes the Estate, Progressive's denial of liability is as if it denied liability to the Estate. Thus, "[Paxson's] and [the Estate's] interests are aligned on the same side for purposes of determining diversity of citizenship."[15]

## B.      Nominal Party

Progressive asserts that the Estate is a "nominal party," and thus, its overlapping Kansas citizenship with Paxson should be overlooked. Although the Tenth Circuit has not defined "nominal party" for removal actions, it has held that when the citizenship of a party is "not necessary to a complete adjudication of the controversy[,]" it should be overlooked in the diversity jurisdiction inquiry.[16]

In this case, Paxson asserts that she may still seek satisfaction of the judgment from the Estate, and thus, the Estate is not a mere nominal party. Here again, the nature of the garnishment proceedings is informative. The state court already adjudicated Paxson's complaint against the Estate.[17] Paxson's garnishment effort is a separate action and not directed toward the Estate. Rather, the garnishment effort is directed toward the Estate's debtor—Progressive. Because Paxson's present cause of action is directed toward Progressive, the Estate is not necessary to the

---

[15] *Id.*

[16] *Hann*, 131 F.2d at 981.

[17] *Bridges v. Bentley*, 716 F. Supp. 1389, 1390 (D. Kan. 1989) ("The garnishment action filed against the garnishee is not joined by any claim or cause of action against the defendant. The plaintiff's cause of action against the defendant has already been resolved in his favor in state court. The petition for garnishment is directed only toward the garnishee and not the defendant.").

complete adjudication of this controversy.[18] Accordingly, the Estate is rightly considered a nominal party for the diversity jurisdiction inquiry.

Thus, in addressing the diversity of citizenship question, whether the Estate is considered a nominal party or realigned with Paxson, the result is the same: the real parties in interest are citizens of different states. Paxson is a Kansas citizen, standing in the shoes of another Kansas citizen, asserting a claim against Progressive, an Ohio corporation.

Satisfied that there is diversity amongst the parties, the Court notes that the parties agree the amount in controversy exceeds $75,000. Consequently, the Court has jurisdiction over this matter. Therefore, the Court grants Progressive's Motion to Have Judgment-Debtor Regarded as a Nominal Party and to Realign the Parties and denies Paxson's Motion to Remand to State Court.

**IT IS THEREFORE ORDERED** that Garnishee Progressive Direct Insurance Company's Motion to Have Judgment-Debtor Regarded as a Nominal Party and to Realign the Parties (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff/Judgment-Creditor Darlene Paxson's Motion to Remand to State Court (Doc. 9) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of SEPTEMBER, 2024.

*Eric F. Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[18] *Kemp*, 2013 WL 2631634, at *4 (finding a judgment-debtor—who remained liable for the judgment debt—not necessary to the complete adjudication of garnishment proceedings initiated against judgment-debtor's insurer).