UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARLENE PAXSON,<br><br>    **Plaintiff/Judgment Creditor,**<br><br>v.<br><br>LANE PALMATEER, SPECIAL ADMINISTRATOR ESTATE OF HUNTER LANE,<br><br>    **Defendant/Judgment Debtor,**<br><br>and<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>    **Garnishee.** | Case No. 24-1076-EFM-GEB |

## MEMORANDUM AND ORDER

This matter comes before the Court on Garnishee Progressive Direct Insurance Company's ("Progressive") Motion to Stay and for Protective Order ("Motions") **(ECF No. 33)**. Garnishee moves the Court to stay this matter until the appeal of Darlene Paxson, Plaintiff/Judgment Creditor's ("Paxson") underlying case against Lane Palmateer, Special Administrator of the Estate of Hunter Lane, ("Estate") is decided and for a Protective Order relieving it of its obligation to respond to Paxson's written discovery requests until the appeal of the underlying case is decided. For the reasons set forth below, the Court

1

**GRANTS** Progressive's Motion to Stay and **FINDS AS MOOT** Progressive's Motion for Protective Order.

I.        **Procedural Background**[1]

On March 28, 2022 Hunter Lane was involved in a motor vehicle accident with Paxson, where she was injured. Progressive insured Hunter Lane at the time of the accident. The relevant policy carried bodily injury liability coverage in the amount of $25,000 per person.[2] On October 12, 2022 Paxson sued the Estate in the Eighteenth Judicial District, Sedgwick County, Kansas ("State Court").

On or about April 23, 2024, Paxson filed a Request for Garnishment in the amount of $676,480.22[3] against Progressive. The court granted that request and entered an Order of Garnishment. Two weeks after the court's Order of Garnishment, Progressive served its Answer in the State Court indicating it did not possess any "property, funds, credits or other indebtedness belonging to the Judgment-Debtor…beyond the applicable insurance policy limits of $25,000." Progressive removed the garnishment action to this Court alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Shortly thereafter, on June 28, 2024, the Estate filed a Notice of Appeal with the Kansas Court of Appeals seeking reversal of the State Court's judgment in its entirety,

---

[1] Unless otherwise indicated, the information in this section is taken from the Notice of Removal (ECF No. 1), state court Petition (ECF No. 5), and Garnishee's Motion (ECF No. 33). This background information should not be construed as judicial findings or factual determination.
[2] Motion to Pay Into the Registry of the Court, ECF No. 40.
[3] 110% of Judgment amount of $614,982.02, Order of Garnishment, ECF No. 4, pp. 1-9.

arguing the trial court committed reversible error on critical rulings related to liability for the underlying accident.

Meanwhile, in federal court, the parties engaged in a flurry of motion practice. First, Progressive filed a motion requesting the Estate be regarded as a nominal party and to realign the parties. The motion was granted. Paxson sought remand, which was denied, but the court did grant Paxson's request to file a reply to the Order of Garnishment out of time.

When Paxson filed her reply,[4] it became clear this action is not simply a garnishment. Rather, it is an action against Progressive for negligent or bad faith in settling the underlying claim.

After the Scheduling Order was entered, Progressive filed the current Motions. When briefing on the Motions was complete, Progressive filed an unopposed Motion to Deposit Funds Into the Registry of the Court.[5] The motion to deposit funds was granted[6] and Progressive paid $123,000.00 into the Registry of the Court.[7] The amount deposited includes the $25,000 policy limit, along with accrued interest calculated as $93,343.46 through October 10, 2025.

## II.  Progressive's Motion to Stay and for Protective Order

Progressive, as Garnishee argues Kansas law requires appeals to be exhausted before a garnishment against an insurer may proceed. It argues that a stay of the

---

[4] Reply, ECF No. 24.
[5] Motion, ECF No. 40.
[6] Order, ECF No. 42.
[7] Receipt, ECF No. 43.

proceedings in this case and a protective order is necessary where the Estate seeks a reversal of the judgment in State Court on appeal.  Reasoning, if discovery in this case were to proceed, it would presumably be forced to divulge to Paxson documents relating to its claim file and handling of the underlying claim while that claim is still pending. But, Paxson disagrees, arguing Kansas law permits the enforcement of a judgment through garnishment before decision on an appeal, absent the appropriate supersedeas bond being posted.

"The Federal Rules of Civil Procedure do not, *per se*, provide for a stay of proceedings."[8] However, a stay can be based upon the language in Rule 26(c) which governs protective orders.[9] A court may "issue an order to protect a party…from annoyance, embarrassment, oppression, or undue burden or expense…."[10] "The proponent of a stay bears the burden of establishing its need."[11]

Progressive argues it would be unduly burdened if both, this case and discovery were to proceed while the underlying state case is on appeal.  It should be noted that Paxson has issued interrogatories and requests for production seeking information about the handling of the underlying claim. Specifically, she seeks claims handling materials, including the claims file which contains information protected by the attorney-client privilege. Progressive further argues if the case is not stayed *and* discovery is permitted, it

---

[8] *Kemp v. Hudgins*, No. 12-2739-JAR, 2013 WL 4857771, at *3 (D. Kan. Sept. 10, 2013).
[9] *Id.*
[10] Fed. R. Civ. P. 26(c); *Kemp*, 2013 WL 4857771, at *3; *Kear v. Kohl's Dept. Stores, Inc.*, No. 12-1235-JAR, 2013 WL 3581671, at *11 (D. Kan. July 12, 2013).
[11] *Kear*, 2013 WL 3581681, at *11 (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

would be forced to decide whether to participate in this garnishment action to the detriment of the underlying case. Progressive additionally relies on *Nungesser v. Bryant*, 153 P.3d 1277 (Kan. 2007) to support its argument Paxson's claim for negligent or bad faith in settling the underlying claim is not ripe. It is this issue which drives Progressive's dilemma.

Subject matter jurisdiction in this case is based upon the diversity of the parties.[12] "[S]ince the decision in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal courts are bound in diversity cases to follow state rules of decision in matters which are 'substantive' rather than 'procedural,' or where the matter is 'outcome determinative.'"[13] The Kansas Supreme Court held as a matter of first impression, a suit against an insurer could not be brought before the insured's liability was established.[14] In a related case in this District, Judge Brown discussed the ruling by the Kansas Supreme Court noting "although K.S.A. § 60–214(a) [similar to Federal Rule 14] provided a *procedural* basis for asserting a third party petition against a person who might be liable to the defendant for any part of the plaintiff's claim, as a *substantive* matter Bryant could not assert a bad faith claim until there had been a resolution of Nungesser's underlying claim

---

[12] Although Plaintiff/Judgment Creditor and Defendant/Judgement Debtor are both citizens of Kansas, the District Judge found their interests are aligned on the same side for determining the diversity of citizenship and Defendant/Judgement Debtor is a nominal party for the diversity jurisdiction question. Memorandum and Order, ECF No. 14. Finding there is diversity of the parties, where the parties agree the amount in controversy exceeds $75,000, the Court found it has subject matter jurisdiction over this matter. *Id.*

[13] *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404-05 (1967) (citing *Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945)).

[14] *Nungesser v. Bryant*, 153 P.3d 1277, n 1 (2007).

5

against Bryant."[15] The issue of whether a party can assert a bad faith claim against the insurer prior to a determination of the underlying claim is a substantive matter, thus the Court must follow Kansas law here.

"Kansas courts have 'long recognized an insured's action for negligence or bad faith against his or her insured.'"[16] "The key question…is not *whether* such an action can stand but *when* – the critical factor is timing."[17] "A liability insurer is not properly a party in a tort action arising from an auto accident, and no previous Kansas case has allowed an action against an insurer based on negligence or bad faith to proceed before a judgment has been reached in the underlying suit."[18]

> 'A claimant cannot bring an action against an insurer seeking damages for the insurer's allegedly wrongful refusal to negotiate in good faith with the claimants where no excess judgment has yet been rendered against the insured. Therefore, *a cause of action for the bad-faith [or negligent] failure to settle a claim does not arise until there has been a final determination of the insured's liability and the claimant's damages, including resolution of any appeals.*'[19]

Thus, this action for bad faith or negligent failure to settle the insurance claim is not ripe until the appeal of the underlying matter is decided. The stay is necessary, first and

---

[15] *Nungesser v. Bryant*, No. 07-1285-WEB, 2007 WL 4374022, at *3 (D. Kan. Dec. 7, 2007) (emphasis added).
[16] *Kemp*, 2013 WL 4857771, at *3 (citing *Nungesser v. Bryant*, 153 P.3d 1277, 1284 (Kan. 2007).
[17] *Id.* (citing *Nungesser*, 153 P.3d at 1285).
[18] *Id.*
[19] *Id.* at *3-4 (emphasis in *Nungesser*, citing 44 Am.Jur.2d, Insurance § 1394, p. 622).

foremost, to allow the claim on appeal to fully ripen, and also, to protect Progressive's attorney-client privilege during the pendency of the appeal.

For the reasons set forth above, **IT IS THEREFORE ORDERED the** Court **GRANTS** Progressive's Motion to Stay **(ECF No. 33)**. The present action is stayed until the appeal process is concluded in the underlying lawsuit and reached final judgment.

**IT IS FURTHER ORDERED**, the deadlines in the Court's Scheduling Order (ECF No. 21) which were first suspended by the Court's March 20, 2025 Order (ECF No. 34), remain suspended through the pendency of Paxson's appeal of her underlying claims and such claims have reached final judgment. Additionally, the Court suspends the deadline for Progressive to respond to any written discovery served by Paxson in this case. Last, Paxson shall notify the Court within 7 days of the entry of final judgment following decision on the appeal. The Court will promptly thereafter set a Status Conference to discuss resetting deadlines in this matter.

**IT IS FURTHER ORDERED**, where the case is stayed and the deadlines, including the deadline for Progressive's to respond to Paxson's written discovery, are suspended the Court **FINDS AS MOOT** Progressive's Motion for Protective Order **(ECF No. 33)**.

**IT IS SO ORDERED.**

Dated February 20, 2026, at Wichita, Kansas.

s/ Gwynne E. Birzer<br>
GWYNNE E. BIRZER<br>
U.S. Magistrate Judge